**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1225
_____

JOSEPH ARUANNO,
                    Appellant

v.

MR. STEVE JOHNSON, Administrator; MR. GEORGE HAYMAN, Commissioner;
MR. PAUL LAGANA; MS. CINDY SWEENEY; OFFICER J. SMITH; OFFICER;
OFFICER L. RODRIGUEZ; OFFICER METERKO; LT. ROCK; SGT. VASQUEZ;
SGT. CHARLES MULLER, SID Chief; MR. WAYNE EVERET, SID Chief; DR.
MERRILL MAIN;
JOHN/JANE DOES 1-10, et al.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-003368)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2012

Before:  AMBRO, FISHER and GARTH, Circuit Judges

(Opinion filed  October 17, 2012)
_____

OPINION
_____

PER CURIAM

Joseph Aruanno seeks review of the United States District Court for the District of New Jersey's order dismissing his civil rights action. We will affirm the judgment of the District Court.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in New Jersey pursuant to the New Jersey Sexually Violent Predators Act, filed a pro se complaint under 42 U.S.C. § 1983 against employees of the New Jersey Department of Corrections ("DOC") and several others. Aruanno alleged that the defendants retaliated against him for complaining about his treatment in the STU. Specifically, he claimed that as a result of his filing complaints against several DOC officers, his room was searched multiple times in June 2009. Aruanno claimed that during the searches some of his property, including his legal paperwork, was confiscated and/or damaged. Aruanno also filed a motion for leave to proceed in forma pauperis ("IFP").

In a November 30, 2010 decision, the District Court granted the IFP motion but dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B), concluding that Aruanno failed to state a claim upon which relief could be granted. The District Court afforded Aruanno the opportunity to file an amended complaint to address the deficiencies in the original complaint. Aruanno then filed a document entitled "Motion to Reopen, Amended Complaint," but did not attach an amended complaint. On December 30, 2011, the District Court entered a Letter Order stating that Aruanno's purported amended complaint did not cure the deficiencies that it identified in its November 30, 2010 decision. The District Court closed the case and this appeal followed.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). While we are under an obligation to liberally construe the submissions of a pro se litigant, see Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009), issues not briefed on appeal--even by parties proceeding pro se--are deemed waived or abandoned. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Aruanno first argues that the District Court erred in denying his retaliation claim. Section 1983 imposes liability for retaliatory conduct by prison officials if the conduct was motivated "in substantial part by a desire to punish an individual for the exercise of a constitutional right." Allah, 229 F.3d at 225 (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)). To prevail on a section 1983 retaliation claim, Aruanno must prove: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

We agree with the District Court that Aruanno did not adequately state a claim for unconstitutional retaliation because he failed to allege facts sufficient to satisfy the third prong of Rauser. Aruanno appeared to claim that his room was searched in June 2009

because he made various complaints about his treatment in the STU. However, he admitted in his original complaint that all of the rooms on his unit were searched because a screwdriver was missing from the facility. Indeed, he stated that an officer announced during the first search that rooms would be searched as many times as necessary to recover the screwdriver. Although Aruanno might believe that his room has been searched at other times in retaliation for his filing grievances against DOC officials, he did not identify any such occasions in his original complaint or his purported amended complaint. Therefore, in light of Aruanno's admission that the rooms were searched in June 2009 for the purpose of recovering contraband, we agree with the District Court that his retaliation claim cannot be sustained. Dismissal was therefore appropriate.

Aruanno also argues that the District Court erred in dismissing his due process claim. Aruanno claimed that his rights were violated when his property was damaged and/or confiscated during the room searches. However, because an adequate state court post-deprivation remedy was available to Aruanno, the claim is not cognizable and was appropriately dismissed. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Revell v. Port Auth. of N.Y.-N.J., 598 F.3d 128, 138-39 (3d Cir. 2010) (discussing New Jersey's post-deprivation remedy procedures). Although Aruanno notes in his Informal Brief that state court actions that he has filed in the past have been unsuccessful, that does not require us to conclude that state court remedies are inadequate in this case.[1]

---

[1] We conclude that Aruanno has waived review of his claim that the defendants searched his room in order to harass him, which the District Court construed as a claim that his

Accordingly, we will affirm the judgment of the District Court.

---

Fourth Amendment rights had been violated. Aruanno, who is an experienced pro se litigator, did not present any argument regarding the District Court's treatment of the claim in his Informal Brief. <u>Kost</u>, 1 F.3d at 182. However, even if he had the claim appears appropriately dismissed because the only injury that Aruanno appears to have suffered as a result of the alleged violation was a loss of his legal paperwork and minor damage to some of his property. As indicated, Aruanno has an adequate state court remedy to pursue his recovery of those items.